1

**RUSS AUGUST & KABAT**
Marc A. Fenster, SBN 181067

2

Andrew D. Weiss, SBN 232974

3

Neil A. Rubin, SBN 250761
12424 Wilshire Boulevard, 12th Floor

4

Los Angeles, California  90025
Tel:   (310) 826-7474

5

Fax:  (310) 826-6991                              NOTE: CHANGES MADE BY THE COURT
Email: mfenster@raklaw.com

6

Email: aweiss@raklaw.com

7

Email: nrubin@raklaw.com

8

*Counsel for Plaintiff*
Proxyconn, Inc.

9

10

Scott E. Davis, CA Bar No. 211349
scott.davis@klarquist.com

11

Salumeh R. Loesch (*Pro Hac Vice*)

12

salumeh.loesch@klarquist.com
John D. Vandenberg (*pro hac vice*)

13

john.vandenberg@klarquist.com

14

KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600

15

Portland, Oregon 97204

16

Tel:  (503) 595-5300
Fax:  (503) 595-5301

17

18

Jennifer L. Keller, CA Bar No. 84412
jkeller@kelleranderle.com

19

Yen-Shyang Tseng, CA Bar No. 282349

20

ytseng@kelleranderle.com
KELLER/ANDERLE LLP

21

18300 Von Karman Ave., Suite 930

22

Irvine, CA 92612
Tel:  (949) 476-8700

23

Fax:  (949) 476-0900

24

*Counsel for Defendants*

25

Microsoft Corporation, HP Inc., Dell Inc.,
and Acer America Corporation

26

27

28

**[PROPOSED] STIPULATED PROTECTIVE
ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| PROXYCONN, INC., | Case No. 8:16-CV-01102-DOC-JPR |
| Plaintiff | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

**WHEREAS**, Plaintiff Proxyconn, Inc. ("Proxyconn") and Defendants Microsoft Corporation ("Microsoft"), Hewlett-Packard Company ("HP"), Acer America Corporation ("Acer") and Dell Inc. ("Dell") (collectively, "Defendants") (Proxyconn and Defendants collectively, the "Parties") possess information relating to this matter that is confidential;

**WHEREAS**, the Parties recognize that, in the course of discovery in this lawsuit, it may be necessary to disclose such confidential matter to the other party, but each of them desires to ensure that such confidential matter shall not be used for any purpose other than this action, and shall not be made public or otherwise disseminated, except to the extent necessary for purposes of this action;

**WHEREAS**, the Parties, by and through their respective counsel of record, have agreed to the text of a Protective Order to prevent unnecessary disclosure or dissemination of their confidential information;

Upon consideration of the foregoing, it is hereby ORDERED as follows:

1. In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony or other information derived

2

therefrom, as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or " HIGHLY CONFIDENTIAL – SOURCE CODE" under the terms of this Protective Order (hereinafter "Order").  Information designated as "CONFIDENTIAL" shall be limited to material that the Designating Party believes in good faith must be held confidential to protect business or commercial interests.  Information designated as "ATTORNEYS' EYES ONLY" shall be limited to material that the Designating Party believes in good faith is so commercially sensitive or confidential that the disclosure to employees of another party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL," would not provide adequate protection to the interests of the designating party.  Designated documents shall not include (a) publicly available advertising materials, (b) materials that have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

2.    By designating a document, thing, material, testimony or other information derived therefrom as CONFIDENTIAL, ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.    Documents shall be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by stamping each page of the document produced to a party that contains confidential material with the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  To the extent that a document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY is produced natively pursuant to paragraph 10, the natively- produced document shall rename the file to include the confidentiality

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

designation and/or the Designating Party shall provide an alternative method of indicating the confidentiality designation of natively-produced documents.  Parties must designate as confidential or highly confidential only those portions of a document that they in good faith believe deserves that protection.

    4.   Documents designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to additional protections given the particularly sensitive nature of the information, unless otherwise advised by the Producing Party:

    a.  Any source code that is produced in this case shall be made available for inspection in electronic (*e.g.*, native) format at an office of the Producing Party's counsel.  Source code includes, but is not limited to, files in programming languages such as C, C++, and C#.  Source code further includes include files, make files, link files, algorithms, and other human-readable files used in the generation of building of software or firmware.

    b.  Once source code has been made available for inspection, the Receiving Party shall provide notice of its inspection five business days prior to the inspection.  The notice shall include the expected dates of the inspection as well as who will be conducting the inspection.  The source code shall be available for inspection from 8:00 a.m. to 6:00 p.m. local time, Monday through Friday, and other days and/or times, including weekends, upon reasonable request.   The Producing Party may maintain a daily log of the names of persons who enter the room to view the source code. The Producing Party may require that each individual for the Receiving Party, upon each entry or exit of the source code viewing room by that individual, sign a log, provided by the Producing Party, indicating the name of that individual, whether the individual entered or exited the source code

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    viewing room, and the date and time of such entry or exit.  The

2    Receiving Party may not take any form of camera, computer with a

3    camera, computer storage device, smartphone, WiFi enabled or WiFi

4    hotspot device into the source code viewing room.  Any computer

5    (without a camera) taken in to the source code review room shall have

6    its WiFi capability disabled for the entire time the computer is

7    resident in the review room.  The Producing Party shall be entitled to

8    have a person monitor all entrances and exits from the source code

9    viewing room.  The Producing Party shall also be entitled to visually

10   monitor the Receiving Party's activities in the source code viewing

11   room from outside such room, through a glass wall or window, so

12   long as the Producing Party cannot hear the Receiving Party or see the

13   contents of the Receiving Party's notes or the display of the source

14   code computer.

15   c.  Source code that is designated "HIGHLY CONFIDENTIAL –

16       SOURCE CODE" shall be produced for inspection and review subject

17       to the following provisions, unless otherwise agreed by the Producing

18       Party:

19           i.   All source code shall be made available by the Producing

20                Party to the Receiving Party's outside counsel and/or experts

21                in a secure room on a secured computer without Internet

22                access or network access to other computers and with all

23                input/output ports (such as USB) blocked, as necessary and

24                appropriate to prevent and protect against any unauthorized

25                copying, transmission, removal or other transfer of any source

26                code outside or away from the computer on which the source

27                code is provided for inspection (the "Source Code

28

5                                      **[PROPOSED] STIPULATED PROTECTIVE
                                         ORDER**

1   Computer"). The Producing Party shall install tools that are

2   sufficient for viewing and searching the code produced, on

3   the platform produced, that are presently used in the ordinary

4   course of the Producing Party's business. By way of example,

5   sufficient tools for software source code (*e.g.*, source code in

6   C++, Java, etc.) shall include Notepad++, Eclipse, DOxygen,

7   GREP or similar tools. Production of electronic source code

8   with only Windows standard tools (*e.g.*, Windows search,

9   Notepad and WordPad) will not be sufficient unless a

10   declaration from a knowledgeable engineer is produced that

11   confirms that the Windows standard tools are the only tools

12   used by the Producing Party to review, edit and search source

13   code in the ordinary course of the Producing Party's business.

14   In addition to these tools, the Receiving Party's outside

15   counsel and/or experts may request that commercially

16   available software tools reasonably necessary to assist in

17   reviewing and searching the electronic source code be

18   installed on the secured computer. The Receiving Party must

19   provide the Producing Party with the CD or DVD containing

20   such licensed software tool(s) at least ten (10) days in

21   advance of the date upon which the Receiving Party wishes to

22   have the additional software tools available for use on the

23   Source Code Computer. The Producing Party may decline to

24   install any requested inspection software if the software

25   represents any unreasonable risk of compromising security of

26   the source code or the Source Code Computer, or the software

27   could be used for any other illegitimate purpose in

28

**[PROPOSED] STIPULATED PROTECTIVE
ORDER**

1         contravention of the Protective Order.  For emphasis, it
2         should be noted that the tools for reviewing source code may
3         not be used to circumvent the protections of this Protective
4         Order in any way.

5    ii.  The electronic source code shall be produced as it is kept in
6         the normal course of business.  The Receiving Party's outside
7         counsel and/or experts shall be entitled to take notes relating
8         to the source code; but may not copy large portions of the
9         source code into the notes.  No copies of all or any portion of
10        the source code may leave the room in which the source
11        code is inspected except as otherwise provided in this
12        Protective Order.  Further, no other written or electronic
13        record of the source code is permitted except as otherwise
14        provided in this Protective Order.

15   iii. The Producing Party shall make available a laser printer with
16        commercially reasonable printing speeds for on-site printing
17        during inspection of the source code.  The Receiving Party
18        may print portions of the source code when reasonably
19        necessary to facilitate the Receiving Party's furtherance of its
20        claims and defenses in this case. The Receiving Party shall
21        print only such portions as are relevant to the claims and
22        defenses in the case and are reasonably necessary for such
23        purpose.  The Receiving Party shall not request printing of
24        source code in order to review blocks of source code
25        elsewhere in the first instance, i.e., as an alternative to
26        reviewing that source code electronically on the Source code
27        computer.  Upon printing any such portions of source code,

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    the printed pages shall be collected by the Producing Party.

2    The Producing Party shall Bates number, copy, and label

3    "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages

4    printed by the Receiving Party.  No additional copies of the

5    source code may be made, except as provided in paragraph

6    4(c)(vi), and the Receiving Party may not make any electronic

7    copies of the source code and may not electronically transmit

8    the source code in any way. If the Producing Party objects that

9    the printed portions are excessive and/or not reasonably

10   necessary to any case preparation activity, the Producing

11   Party shall make such objection known to the Receiving Party

12   within five (5) business days.  If, after meeting and

13   conferring, the Producing Party and the Receiving Party

14   cannot resolve the objection, the Producing Party shall seek a

15   Court resolution of whether the printed Source Code Material

16   in question is narrowly tailored and reasonably necessary to

17   any case preparation activity as provided herein, as governed

18   by Local Rules 37-1 and 37-2, including the Joint Stipulation

19   requirement, subject to the following expedited schedule.

20   The Producing Party shall deliver to the Receiving Party its

21   portion of the Joint Stipulation and related papers, as

22   described in Local Rule 37-2.1, within five (5) business days

23   of the completion of the meet and confer process.  Within five

24   (5) business days of receipt, the Receiving Party shall return

25   its portion of the required Joint Stipulation and related papers,

26   as described in Local Rule 37-2.1, to the Producing Party.

27   The Producing Party must use its power to object reasonably

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   and may not, for example, make an objection simply to

2   introduce delay or attempt to discover privileged information.

3   In the absence of any objection, or upon resolution of any

4   such dispute by the Court, the Producing Party shall provide

5   via overnight mail one copy set of such pages to the

6   Receiving Party within five (5) business days of the printouts

7   being made unless the Court orders otherwise.  The printed

8   pages shall constitute part of the source code produced by the

9   Producing Party in this action.  Except as provided in this

10  Protective Order, no electronic copies of the electronic source

11  code shall be made.

12  iv.  Unless otherwise agreed in advance by the Parties in writing,

13  the Receiving Party's outside counsel and/or experts shall

14  remove all notes, documents, laptops, and all other materials

15  from the room that may contain work product and/or attorney-

16  client privileged information at the end of each day.

17  Materials inadvertently left in the source code review room

18  do not operate as a waiver of the attorney work product

19  doctrine or any other applicable privilege and shall be

20  returned to the owner promptly.  The Producing Party shall

21  not be responsible for any items left in the source code

22  review room.

23  v.  Other than as provided herein, the Receiving Party will not

24  copy, remove, or otherwise transfer any source code from the

25  Source Code Computer including, without limitation,

26  copying, removing, or transferring the source code onto any

27  other computers or peripheral equipment.  The Receiving

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Party will not electronically transmit any source code in any way from the Producing Party's facilities or the offices of its outside counsel of record.  This provision does not prevent the Parties from including source code information in e-filings to the Court made under seal.

vi.  The Receiving Party's outside counsel for record may make no more than three (3) additional paper copies of any portions of the source code received from a Producing Party pursuant to paragraph 4(c)(iii), not including copies attached to court filing or used at deposition.  The Receiving Party may not make any electronic copies of the source code and may not electronically transmit any source code in any way, except as required by the Court and/or any applicable Orders or rules.  The Receiving Party's outside counsel of record shall maintain a log of all paper copies of the source code that are delivered by the Receiving Party to any qualified person under Paragraph 8.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.

vii.  The Receiving Party's outside counsel of record and any person receiving a copy of any source code shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

viii.  All paper copies of source code shall be securely destroyed in

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. If the deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in the same way paper copies of the source code are stored.

ix.    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the source code from any paper copy of source code for use in any manner (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph the code). A party may make and use snippets and images of the source code if necessary for court filings, expert reports, discovery responses and other similar documents. All such documents shall be clearly marked "HIGHLY CONFIDENTIAL – SOURCE CODE" and, if filed, shall be filed under seal if the Court so allows pursuant to Local Rule 79-5. Unless agreed by the Parties, images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead).

x.    After final resolution of the case as to any party producing source code, any Receiving Parties shall within sixty (60)

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   business days certify the return or destruction of any printed

2   or duplicated source code material and all notes or other

3   materials derived therefrom.

4   5.  Testimony taken at a deposition may be designated as CONFIDENTIAL,

5   ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE

6   by making a statement to that effect on the record at the deposition. Arrangements

7   shall be made with the court reporter taking and transcribing such deposition to

8   separately bind such portions of the transcript containing information designated

9   under this Order, and to label such portions appropriately.  Any party (or third

10   party having disclosed such Confidential Information) may also designate

11   information disclosed at such deposition as "CONFIDENTIAL," "ATTORNEYS'

12   EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying

13   all of the Parties of the designation in writing within thirty (30) days of receipt of

14   the final transcript. Each party shall attach a copy of such written notice or notices

15   to the face of the transcript and each copy thereof in his possession, custody, or

16   control. All deposition transcripts shall be treated as "ATTORNEYS' EYES

17   ONLY" for a period of thirty (30) days after the receipt of the transcript.

18   6.  Material designated as CONFIDENTIAL, ATTORNEYS' EYES

19   ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE under this Order, the

20   information contained therein, and any summaries, copies, abstracts, or other

21   documents derived in whole or in part from material designated as

22   CONFIDENTIAL, ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL –

23   SOURCE CODE (hereinafter "Designated Material") shall be used only for the

24   purpose of the prosecution, defense, or settlement of this action, and for no other

25   purpose.

26   7.  Designated Material marked as Confidential may be disclosed or made

27   available only to the Court, to outside counsel for a party (including paralegal,

28

**[PROPOSED] STIPULATED PROTECTIVE**
**ORDER**

clerical, and other support personnel employed by such counsel as well as litigation support services (such as personnel providing e-discovery, graphics, or jury or trial consulting support)), and to the "qualified persons" designated below:

> (a)    a party, or an officer, director, or employee of a party deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

> (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action but only beginning 5 business days after the identity of such expert or consultant has been disclosed (including all information required by Federal Rule of Civil Procedure 26(a)(2)(iv)-(v) and a statement indicating any past or present relationships to the Parties) without objection from the Producing Party, or, in the event of objection, after Court order permitting the disclosure.  In the event of an objection, the Parties shall adhere to the dispute resolution procedure in paragraph 12 below;

> (c)    court reporter(s) employed in this action;

> (d)    the Court; and

> (e)    any other person as to whom the Parties in writing agree.

8.    Designated Material marked as ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE may be disclosed to the people identified in Paragraph 7, except for the people identified in Paragraph 7(a).

9.    Prior to receiving any Designated Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be retained by outside counsel for the disclosing party.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

10.   Unless otherwise agreed, a Producing Party must produce discovery materials in imaged electronic files (*e.g.*, TIFF or .tif format) with a delimited load-file that identifies page-document relationships.  If it is possible to generate by the Producing Party without additional expense, a Producing Party must also provide a delimited load file that identifies the Bates numbers, extracted full text, attachment relationships, and confidentiality designation.  Excel and other files that are difficult to produce in imaged format may be requested to be produced in native format.

11. Only qualified persons may attend depositions at which Designated Material is used or discussed.  To the extent that materials or information designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL –SOURCE CODE are used in depositions or at discovery-related hearings, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Matters or information contained therein.  Procedures for the use of confidential materials at trial or in pretrial proceedings shall be determined by the presiding district judge.  This order governs only discovery-related proceedings.

12.   If after meeting and conferring, the Parties are unable to agree on experts or consultants disclosed pursuant to paragraph 7(b) or to modifications to the Source Code provisions in this Order, then the party objecting to the expert or consultant, or requesting modifications to the Source Code provisions shall seek a Court resolution of the Parties' dispute, as governed by Local Rules 37-1 and 37-2, including the Joint Stipulation requirement, subject to the following expedited schedule.  The moving party shall deliver to the opposing party its portion of the Joint Stipulation and related papers, as described in Local Rule 37-2.1, within five (5) business days of the completion of the meet and confer process.  Within five (5) business days of

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

receipt, the opposing party shall return its portion of the required Joint Stipulation and related papers, as described in Local Rule 37-2.1, to the moving party. The moving party must use its power to object or seek modifications reasonably and may not, for example, make an objection or seek modifications simply to introduce delay or attempt to discover privileged information.  Any modification of this Order will not have the force and effect of a Court order unless approved by the Court.

13. Each individual who reviews and/or learns of a Defendant's technical-related information designated ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE shall thereafter be prohibited from being directly involved in any Prosecution Activity (defined below) relating to U.S. Patent No. 6,757,717, any patent related to U.S. Patent No. 6,757,717, and/or any patent relating to the subject matter of U.S. Patent No. 6,757,717.  This bar shall apply from the date commencing with such disclosure through a period of one year after termination of this litigation.  Prosecution Activity includes (1) preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights; (2) preparing patent claim(s) on behalf of a patentee or assignee of patentee's rights; or (3) providing advice, counsel or suggestions regarding amending the claims of U.S. Patent No. 6,757,717 in any post-grant proceeding (including inter partes review proceeding), or in any other way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s) on behalf of a patentee or assignee of patentee's rights.

Nothing in this paragraph shall prevent such individuals from participating in reexamination,  or reissue, or inter parties review  proceeding for U.S. Patent No. 6,757,717 (to the extent the individual is not involved in claim drafting,

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

amending or editing) and sending non-confidential prior art to any person under a duty of candor involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Individuals are further not prohibited from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

14.  If timely corrected, an inadvertent failure to designate qualified information or items as CONFIDENTIAL, ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

15.  Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Designated Material as it deems appropriate, or to restrict a party's use of its own Designated Material.

16.  A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Designated Materials pursuant to the terms of this Protective Order.

17.If any party or person that has obtained any Protected Matters under the terms of this Order receives a subpoena, order, or other legal process commanding the production of such Protected Matters (a "Third Party Request"), such person

16

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    shall not produce any Protected Matters in response to the Third Party Request

2    without the prior written consent of the Producing Party or an order of a court of

3    competent jurisdiction, except as otherwise provided by this paragraph. A party

4    receiving a Third Party Request shall promptly notify the Producing Party of such

5    Third Party Request, in writing (by email or fax, if possible).  If possible, such

6    notification shall be as soon after Protected Matters are identified as responsive to

7    the Third Party Request as possible.  Such notification must include a copy of the

8    subpoena or court order.  The Receiving Party also must also promptly inform in

9    writing the third party who sent the Third Party Request that some or all the

10   material covered by the Third Party Request is the subject of this Order and

11   include a copy of this Order. The purpose of imposing these duties is to alert the

12   interested parties to the existence of this Order and to afford the Producing Party in

13   this action an opportunity to protect its confidentiality interests in the court from

14   which the Third Party Request issued.  The Producing Party shall bear the burdens

15   and the expenses of seeking protection of its confidential material in the court

16   governing the Third Party Request and/or legal proceeding underlying the Third

17   Party Request.  Nothing in these provisions should be construed as requiring a

18   Receiving Party in this action to disobey a lawful directive from another court.

19          18.  If Designated Material, including any portion of a deposition transcript

20   designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY or HIGHLY

21   CONFIDNETIAL – SOURCE CODE, is included in any papers to be filed with

22   the Court, such papers shall be accompanied by an application under Local Rule

23   79-5 to (a) file the confidential portions thereof under seal (if such portions are

24   segregable), or (b) file the papers in their entirety under seal (if the confidential

25   portions are not segregable). The application shall be directed to the judge to

26   whom the papers are directed. Pending the ruling on the application, the papers or

27   portions thereof subject to the sealing application shall be lodged under seal.

28

**[PROPOSED] STIPULATED PROTECTIVE
ORDER**

19. This Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order, notwithstanding that any modification of this Order will not have the force and effect of a Court order unless approved by the Court.

20. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

21. Nothing in this Order shall be construed as altering the scope of a common interest privilege and/or joint defense privilege and/or other privileges to the extent such privileges exist under the law. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

22. This Order shall survive the final termination of this action, to the extent that the information contained in Designated Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the Parties shall assemble and return to each other all documents, material and deposition transcripts designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE and all copies of same, or shall certify the destruction thereof.


Dated:  December 21, 2016                    Respectfully submitted,

                                                          **RUSS AUGUST & KABAT**


                                              By:___/s/ Andrew D. Weiss_____
                                                          Andrew D. Weiss


                                              Marc A. Fenster, State Bar No. 181067
                                              Andrew D. Weiss, State Bar No. 232974
                                              Neil A. Rubin, SBN 250761
                                              12424 Wilshire Boulevard, 12th Floor
                                              Los Angeles, California  90025
                                              Tel:   (310) 826-7474
                                              Fax:  (310) 826-6991
                                              Email:  mfenster@raklaw.com
                                              Email:  aweiss@raklaw.com
                                              Email:  nrubin@raklaw.com

                                              Attorneys for Plaintiff
                                              Proxyconn, Inc.


                                              By:__/s/ Salumeh R. Loesch (*by permission*)
                                                          Salumeh R. Loesch


                                              Scott E. Davis, CA Bar No. 211349
                                              scott.davis@klarquist.com
                                              Salumeh R. Loesch (*Pro Hac Vice*)
                                              salumeh.loesch@klarquist.com
                                              John D. Vandenberg (*pro hac vice*)
                                              john.vandenberg@klarquist.com

                                              Jennifer L. Keller, CA Bar No. 84412

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

jkeller@kelleranderle.com
Yen-Shyang Tseng, CA Bar No. 282349
ytseng@kelleranderle.com

*Counsel for Defendants*
Microsoft Corporation, HP Inc., Dell Inc.,
and Acer America Corporation

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: January 5, 2017

_____
Honorable Jean P. Rosenbluth
Magistrate Judge
Central District of California

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Attachment A

**<u>Nondisclosure Agreement</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in *Proxyconn, Inc. v. Microsoft Corporation, et al.*, Case No. 8:16-CV-01102-DOC-JPR, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.


DATED:


_____

**[PROPOSED] STIPULATED PROTECTIVE ORDER**